**Stephen B. SEROW, Plaintiff,**

v.

**REDCO FOODS, INC.; and Bakery, Confectionary and Tobacco Worker's Union, Local 50, Defendants.**

**No. 00–CV–340.**

United States District Court, N.D. New York.

Feb. 19, 2002.

**48**

Stephen W. Johnson, Esq. (Daniel A. Burgess, Esq., of counsel), Sauquoit, NY, for Plaintiff.

Getnick, Livingston, Atkinson, Gigliotti & Priore, LLP (Louis P. Gigliotti, Esq., of counsel), Utica, NY, for Defendant Redco Foods, Inc.

Blitman & King, LLP (Gary A. Hall, Esq., of Counsel), Syracuse, NY, for Defendant Bakery, Confectionary and Tobacco Worker's Union, Local 50.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff Stephen B. Serow ("Serow" or "plaintiff") commenced this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* and the Labor Management Relations Act.[1] Plaintiff alleges that the defendants, Redco Foods, Inc. ("Redco") and Bakery, Confectionary and Tobacco Worker's Union ("Union"), violated the ADA and the collective bargaining agreement ("CBA") by refusing to grant his request for the accommodation of being switched to a "day shift" at his job. The plaintiff also alleges that the Union violated its duty of fair representation to him.

Redco and the Union have moved for summary judgment pursuant to Fed. R.Civ.P. 56. Oral argument was heard on

---

**1.** Plaintiff also commences this action for retaliation, and pursuant to the New York Human Rights Law. Plaintiff offers no argument in opposition to defendants' motion for summary judgment on these causes of action.

August 10, 2001, in Utica, New York. Decision was reserved.

## II. *FACTS*

The following are the facts in the light most favorable to the non-moving plaintiff.

Serow is an employee of Redco, and has been since 1977. Over time, he became a production machine mechanic ("PMM"), operating and repairing the machines which produce and package tea products. As a condition of Serow's employment, he joined the Union in 1977. He was a member of the bargaining unit covered by the CBA between the Union and Redco.

On February 23, 1998, Serow experienced a heart attack. Prior to his heart attack, he had worked the third (night) shift as a PMM. After his return and upon advice from his doctor, Serow asked Redco for the accommodation of being switched to the first (day) shift at the same wage rate. Plaintiff's doctor stated that the move to the day shift would limit his stress, improve his sleep, and assist in blood pressure control. Redco denied Serow's request. Both the Union and Redco asserted that granting his request by bumping a more senior PMM to another shift would violate the seniority provision of the CBA in force between the Union and Redco; however, Redco did agree to let Serow attempt to find an employee to switch shifts with him. No employee agreed to switch with Serow. Plaintiff filed three grievances with the Union claiming that Redco was not accommodating his disability. The Union accepted all three grievances filed with it, but did not pursue the claims.

Serow filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on January 6, 1999. After plaintiff filed with the EEOC, Redco and the Union agreed to exhaust all other possibilities before using him for a first (day) shift. In order to leave the third (night) shift, plaintiff had to bid for lower paying positions within Redco.

## III. *DISCUSSION*

### A. *Summary Judgment Standard*

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56: *Liberty Lobby Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lob-*

*by, Inc.,* 477 U.S. at 248–249, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–1224 (2d Cir.1994) (citations omitted).

### B. *Defendant Redco*

Redco contends that plaintiff's ADA claim should be dismissed on three grounds. First, Redco claims that Serow cannot make the necessary showing that he is "disabled" within the meaning of the ADA. *See* 42 U.S.C. § 12102. Second, that even if Serow was "disabled" he can not perform the "essential functions" of the job with or without a reasonable accommodation.[2] 42 U.S.C. § 12111(8). Third, that the accommodation requested by plaintiff was per se unreasonable as it would require Redco and the Union to violate the seniority provisions of the collective bargaining agreement.

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff asserting an ADA claim bears the burden of proving that he is a qualified individual with a disability. *See Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 119 S.Ct. 1597, 1603, 143 L.Ed.2d 966 (1999). A qualified individual with a disability is a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such indi-

vidual holds or desires." 42 U.S.C. § 12111(8). The term "disability" means " a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(2)(A). *See generally, Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (discussing "substantially limits"). In determining whether Serow has a disability for purposes of the ADA, the three-step approach taken by the Second Circuit in *Colwell v. Suffolk County Police Dep't,* 158 F.3d 635, 641 (2d Cir.1998) must be applied.

Under *Colwell,* the plaintiff must first show the presence of a physical or mental impairment. *See id.* (citing *Bragdon v. Abbott,* 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998)). The plaintiff must identify second the activity claimed to be impaired and establish that it constitutes a "major life activity." *See id.* Third, the plaintiff must show that his impairment "substantially limits" that major life activity. *See id. See generally, Toyota,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (discussing "substantially limits"). The Supreme Court in *Toyota* stated that the existence of a disability is specific to the individual and should be determined on a case-by-case basis. *Id.* at 692.

▪ In this case, it is not disputed that plaintiff has a cardiovascular disease which is a physical impairment to him. He claims that this impairment substantially limits him in the major life activities of sleep and work. Sleep and work are generally accepted as major life activities. *See Colwell,* 158 F.3d at 643 (stating that sleeping is a major life activity); *Muller v. Costello,* 187 F.3d 298, 312 (2d Cir.1999)

---

**2.** Redco claims that it is an essential function of the job that PMMs be able to work any of three work shifts, which were either during the day or at night.

(stating that working is a major life activity). The question, therefore, is whether the plaintiff's impairment substantially limits him in the major life activities of sleep and work. " 'Substantially' in the phrase 'substantially limits' suggests 'considerable' or 'to a large degree,' and thus clearly precludes impairments that interfere in only a minor way . . ." *Toyota,* —— U.S. at ——, 122 S.Ct. at 691. In *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), the Supreme Court stated that a determination of whether a person is disabled in the area of work should only be made after it is determined that the person is not disabled in any other major life activity.[3] The Supreme Court also noted that even assuming that working is a major life activity, a plaintiff is required to show that he is unable to work in a "broad range of jobs," not just a specific job or shift. *Id.*

Turning first to plaintiff's claim that his impairment substantially limits his ability to sleep. Plaintiff fails to allege that his impairment affects his sleep. His complaint states that his "doctor advised Redco that, as a direct result of [p]laintiff's heart attack, [p]laintiff should only work on a day shift to limit [p]laintiff's stress level, improve his sleep, assist in blood pressure control, and provide better compliance with [p]laintiff's cardiac diet." (Compl.¶ 14.) Working the night shift means that plaintiff must sleep during the day. This causes plaintiff to have trouble sleeping which *may* affect his blood pressure. It should be noted that plaintiff

does not claim that as a result of his cardiovascular disease he loses sleep or is unable to sleep during the day. Instead, he essentially claims that his job affects his sleep because working the third shift requires him to sleep during the day. This is inadequate because *plaintiff has to show that he has an impairment which affects his sleep, not merely a job that affects his sleep.* As such, plaintiff has failed to establish that his cardiovascular disease is a physical impairment which limits him in the major life activity of sleep.

As to plaintiff's other claim that his impairment substantially limits his ability to work, he similarly fails to establish this claim as well. Even viewing the facts in the light most favorable to the plaintiff, it is not his complaint that he is unable to work. In fact, it is not even his complaint that he is unable to work the night shift or sleep during the day. Plaintiff's complaint is that when working the night shift, he is required to sleep during the day, which he has difficulty doing. Nowhere does plaintiff claim that he is unable to work a broad range of jobs. *See Sutton,* 527 U.S. at 492, 119 S.Ct. 2139. He simply claims that it is difficult for him to work the third (night) shift. Again, plaintiff's cardiovascular disease does not substantially limit him in the major life activity of work, as is evidenced by the fact that he has continued to work since his heart attack. His impairment only affects, if at all, his ability to work on a certain schedule. As such, plaintiff has failed to show that he is disabled within the meaning of the ADA.[4]

---

**3.** The determination must first be made that the individual is not disabled in any other major life activity before looking to see whether they are substantially limited in their ability to work. *Sutton,* 527 U.S. at 492, 119 S.Ct. 2139.

**4.** Because plaintiff is not "disabled," the second and third grounds for dismissal asserted

by Redco need not be discussed in any detail. However, being able to work the third (night) shift does not appear to be an "essential function" of the PMM job. Further, the plaintiff appears to be fully capable of performing the PMM job without any "accommodation" for change in shift. Redco did not breach the CBA by refusing to grant plaintiff's "accommodation" request.

### C. *The Union*

The plaintiff claims that the Union breached its duty of fair representation when it declined to process his grievance and require Redco to provide him with what he claims was a "reasonable accommodation." The Union would not arbitrate his grievance against Redco to place him on the first or second shift at the same wage rate he received on the third shift. Plaintiff claims this was in violation of the CBA.

"[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild,* 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998) (citing *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). An employee covered by a collective bargaining agreement does not have an "absolute" right to have the Union act on his grievance. *Vaca,* 386 U.S. at 191, 87 S.Ct. 903. In this case, the Union claims that it reviewed plaintiff's grievances and decided they could not be prosecuted. The plaintiff has not set forth any facts from which to draw an inference that the Union's conduct was arbitrary, discriminatory, or in bad faith.

Further, as previously discussed, plaintiff's claim is not viable under the ADA, and he has not demonstrated that he is entitled to any accommodation that might be provided by it. The Union is not required to pursue a grievance on behalf of a member to obtain relief to which he is not entitled.

### IV. *CONCLUSION*

Viewing the facts most favorable to the plaintiff, the following conclusions are clear. The plaintiff is not disabled under the ADA because he is not substantially limited in a major life activity. The defen-dants did not violate the collective bargaining agreement. The Union met its obligation of fair representation to the plaintiff. The defendants are entitled to summary judgment.

Accordingly, it is

ORDERED that

1. Defendant Redco Foods, Inc's motion for summary judgment is GRANTED;

2. Defendant Bakery Confectionary and Tobacco Workers' Union, Local 50's motion for summary judgment is GRANTED; and

3. The complaint is dismissed in its entirety.

The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.